

**ORDERED in the Southern District of Florida on August 24, 2016.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  MARIE KING                                             Case No: 16-17002-AJC
                                                                                Chapter 13

                    Debtor                    /

**ORDER GRANTING MOTION TO DETERMINE
STATUS OF MATURING MORTGAGE LIEN ON REAL PROPERTY HELD BY
AMERICAN INVESTMENT SERVICES, LLP**

THIS CASE came to be heard on August 23, 2016, on the Debtor's *Motion to Determine Status of Maturing Mortgage Lien on Real Property* (DE 23; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.   Secured creditor American Investment Services, LLP holds a mortgage, which will mature during the life of debtor's Chapter 13 plan, in the amount of $20,333.86 on the debtor's principal residence located at 22320 SW 118th Court, Miami, Florida 33170, and more particularly described as:

**Lot 7, Block 2, of MARCIA-JANE, according to the Plat thereof, as recorded in Plat Book 64, at Page 3, of the Public Records of Miami Dade County, Florida**.

B. The mortgage securing American Investment Services, LLP's interest in the debtor's real property as described above and recorded at OR Book <u>19188</u> Page <u>3003</u>, and Modification of Note and Mortgage Agreement recorded at OR Book <u>22867</u> Page <u>0383-384</u> in the official records of <u>Miami Dade County, Florida</u>, Florida, will mature in accordance with the original payment schedule on November 1, 2016.

C. Pursuant to the U.S. Bankruptcy Code, sections 11 U.S.C. 1325 §(a)(5) and 11 U.S.C. 1322 §(c)(2), the payment terms of the American Investment Services, LLP mortgage described above are modified to allow the debtor to pay off the secured claim over the life of her Chapter 13 plan in equal monthly installments at the interest rate of 4%.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. American Investment Services, LLP has an allowed secured claim in the amount of $<u>20,333.86.</u>

3. The Debtor is permitted to pay off the matured secured claim of American Investment Services, LLP in accordance with the terms proposed in her Chapter 13 Plan.

4. (Select only one):

   <u> X </u> Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely

        filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2.

        or

__  Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

LEGAL SERVICES OF GREATER MIAMI, INC.
3000 Biscayne Blvd., Suite 500
Miami, Florida 33137
Telephone: (305) 438-2413
Facsimile: (305) 573-5800
mbayard@lsgmi.org

BY: __/s/ Matt Bayard, Esq._____
MATT BAYARD, ESQ
FL BAR NO.: 0032209

Attorney Matt Bayard Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.